John F. Kurtz, Jr. California Bar No. 82181
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: (208) 344-6000
Facsimile: (208) 342-3829
jfk@hteh.com

Attorneys for Defendant OFFICEMAX NORTH
AMERICA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| INTERNATIONAL SETTLEMENT HOLDING CORPORATION, a California corporation; and GARY GAVELLO, an individual, | ) ) ) ) | Case No: CV 08 3647 MHP |
| Plaintiffs, | ) ) ) | ANSWER TO COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF CONTRACT AND COUNTERCLAIM |
| v. | ) ) ) | |
| OFFICEMAX NORTH AMERICA, INC., an Ohio corporation; DOES 1 through 100, | ) ) ) ) | |
| Defendants. | ) ) | |
| OFFICEMAX NORTH AMERICA, INC., an Ohio corporation, | ) ) ) | |
| Counterclaimant, | ) ) ) | |
| v. | ) ) ) | |
| INTERNATIONAL SETTLEMENT HOLDING CORPORATION, a California corporation; and GARY GAVELLO, an individual, | ) ) ) ) ) | |
| Counterdefendants, | ) ) | |

- 1 -

06187 0129 1267292 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ANSWER

Defendant OfficeMax North America, Inc. ("OfficeMax" or "Defendant"), by and through its attorneys, Hawley Troxell Ennis & Hawley hereby answers the Complaint for Declaratory Relief and Breach of Contract ("Complaint") of International Settlement Holding Corporation and Gary Gavello ("Plaintiffs") as follows:

### I.    GENERAL DENIAL

Defendant denies every allegation contained in Plaintiffs' Complaint that is not specifically and expressly admitted herein.

### II.    ANSWER TO JURISDICTION

1    Paragraph 1 of the Complaint states conclusions of law to which no response is required.

### III.    ANSWER TO INTRADISTRICT ASSIGNMENT

2    Paragraph 2 of the Complaint states conclusions of law to which no response is required.

### IV.    ANSWER TO PARTIES

3.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, therefore, denies the same

4.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and, therefore, denies the same

5    Defendant admits the allegations in Paragraph 5 of the Complaint.

6.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and, therefore, denies the same.

### V.    ANSWERS TO GENERAL ALLEGATIONS

7    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, therefore, denies the same.

8    Defendant admits that Exhibit A appears to be the lease entered into between Plaintiff

- 2 -

ANSWER TO COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF CONTRACT AND
COUNTERCLAIM

1  and Defendant (the "Lease"). Defendant reserves the right to modify this response if Exhibit A is not

2  identical to the Lease executed by Defendant. Defendant admits that the terms of the Lease speak for

3  themselves. Defendant denies the remaining allegations in Paragraph 8 of the Complaint.

4       9.     Defendant admits that the terms of the Lease speak for themselves. Defendant denies

5  the remaining allegations in Paragraph 9 of the Complaint.

6       10.     Defendant admits that the terms of the Lease speak for themselves. Defendant denies

7  the remaining allegations in Paragraph 10 of the Complaint.

8       11.     Defendant admits that the terms of the Lease speak for themselves. Defendant denies

9  the remaining allegations in Paragraph 11 of the Complaint.

10       12.     Defendant admits that the terms of the Lease speak for themselves. Defendant denies

11  the remaining allegations in Paragraph 12 of the Complaint.

12       13.     Defendant admits that the referenced letter speaks for itself. Defendant denies the

13  remaining allegations in Paragraph 13 of the Complaint.

14       14.     Defendant admits that certain construction work was done to the Premises (as that

15  term is defined in the Lease) to prepare for occupancy. Defendant further admits that the construction

16  work was stopped. Defendant denies the remaining allegations in Paragraph 14 of the Complaint.

17       15.     Defendant admits that the terms of the Lease speak for themselves. Defendant denies

18  that any rent payments are due and owing to Plaintiffs under the Lease. Defendant denies the

19  remaining allegations in Paragraph 15 of the Complaint.

20       16.     Defendant denies the allegations in Paragraph 16 of the Complaint.

21       17.     Defendant admits that the referenced letters speak for themselves. Defendant denies

22  the remaining allegations in Paragraph 17 of the Complaint.

23       18.     Defendant admits notifying Plaintiffs of their obligations under the Lease. Defendant

24  denies the remaining allegations in Paragraph 18 of the Complaint.

25       19.     Defendant admits that the terms of the Lease speak for themselves. Defendant denies

26  the remaining allegations in Paragraph 19 of the Complaint.

27

28

06187 0129 1267292 3

20    Defendant admits that the terms of the Lease speak for themselves. Defendant denies the remaining allegations in Paragraph 20 of the Complaint.

21    Defendant admits that the referenced letter speaks for itself. Defendant denies the remaining allegations in Paragraph 21 of the Complaint

22.    Defendant admits that the referenced letter speaks for itself. Defendant admits it performed certain construction work to the Premises. Defendant denies the remaining allegations in Paragraph 22 of the Complaint.

23    Defendant admits that the referenced email speaks for itself. Defendant denies the remaining allegations in Paragraph 23 of the Complaint.

24    Defendant admits that the referenced letter speaks for itself. Defendant denies the remaining allegations in Paragraph 24 of the Complaint.

25.    Defendant admits that the Town of Colma's correspondence concerning the Premises, which Plaintiffs failed to specifically reference in their Complaint, speak for themselves. Defendant denies the remaining allegations in Paragraph 25 of the Complaint.

## VI.    ANSWERS TO DECLARATORY RELIEF

26    Defendant restates its responses to the allegations of Paragraphs 1 through 25 as though the same were set forth in full.

27.    Paragraph 27 of the Complaint states conclusions of law to which no response is required.

28    Defendant denies the allegations in Paragraph 28 of the Complaint.

29    Defendant denies the allegations in Paragraph 29 of the Complaint as Plaintiffs' naked use of the term "contentions," without and definition, is vague and ambiguous

30    Paragraph 30 of the Complaint does not state an allegation capable of being answered by Defendant. To the extent an answer is required, Defendant denies the allegations.

31    Paragraph 31 of the Complaint does not state an allegation capable of being answered by Defendant. To the extent an answer is required, Defendant denies the allegations.

- 4 -

06187 0129 1267292 3

1

## VII.   ANSWERS TO BREACH OF CONTRACT

2      32.    Defendant restates its responses to the allegations of Paragraphs 1 through 25 as

3   though the same were set forth in full

4      33.    Defendant denies the allegations in Paragraph 33 of the Complaint.

5      34.    Defendant denies the allegations in Paragraph 34 of the Complaint

6      35     Defendant denies the allegations in Paragraph 35 of the Complaint.

7      36.    Defendant denies the allegations in Paragraph 36 of the Complaint

8      37.    Defendant denies Plaintiffs' prayer for relief and any allegations contained therein

9

## VIII.   AFFIRMATIVE DEFENSES

10      The following defenses are not stated separately as to each claim for relief or allegation of

11   Plaintiffs   Nevertheless, the following defenses are applicable, where appropriate, to any and all of

12   Plaintiffs' claims for relief   In addition, Defendant, in asserting the following defenses, does not

13   admit that the burden of proving the allegations or denials contained in the defenses is upon

14   Defendant but, to the contrary, asserts that by reason of denials and/or by reason of relevant statutory

15   and judicial authority, the burden of proving the facts relevant to many of the defenses and/or the

16   burden of proving the inverse of the allegations contained in many of the defenses is upon Plaintiffs.

17   Moreover, Defendant does not admit, in asserting any defense, any responsibility or liability of

18   Defendant but, to the contrary, specifically denies any and all allegations of responsibility and

19   liability in the Complaint

20

**First Affirmative Defense**

21      Plaintiffs are barred from maintaining this action because Defendant's breach of the Lease, if

22   any, is excused by Plaintiffs' breach of the Lease

23

**Second Affirmative Defense**

24      Plaintiffs are barred from maintaining this action because Defendant's breach of the Lease, if

25   any, is excused by Plaintiffs' breach of the covenant of good faith and fair dealing implied in the

26   Lease.

27

- 5 -

28

ANSWER TO COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF CONTRACT AND
COUNTERCLAIM

06187 0129 1267292 3

1

### Third Affirmative Defense

2       Plaintiffs are barred from maintaining this action because Defendant has substantially

3   complied with the Lease

4

### Fourth Affirmative Defense

5       Plaintiffs are barred from maintaining this action against Defendant based on the doctrine of

6   estoppel

7

## IX.    RULE 11 STATEMENT

8       Defendant has considered and believes that it may have additional defenses but does not have

9   enough information at this time to assert such additional defenses under Rule 11 of the Federal Rules

10  of Civil Procedure   Defendant does not intend to waive any such defenses and specifically asserts its

11  intention to amend this answer if, pending research and after discovery, facts become known that give

12  rise to such additional defenses

13

## X.    REQUEST FOR ATTORNEY FEES

14      OfficeMax hereby requests that it be awarded its costs and attorney fees incurred in defending

15  this action pursuant to Paragraph 40 of the Lease and applicable law, including but not limited to,

16  California Civil Code § 1717 and Rule 54(d) of the Federal Rules of Civil Procedure

17

## XI.    PRAYER FOR RELIEF

18      WHEREFORE, Defendant prays for judgment as follows:

19      1.    That Plaintiffs' Complaint be dismissed with prejudice and that Plaintiffs take nothing

20  thereby;

21      2.    That the Court enter a judgment and decree in favor of Defendant denying Plaintiffs

22  any claim, right, or relief against Defendant;

23      3.    That Defendant be awarded its reasonable attorney fees and costs necessarily incurred

24  in defending this action; and

25      4    For such other and further relief as the Court deems just and proper

26

27                                         - 6 -

28

06187 0129 1267292 3

1

**COUNTERCLAIM**

2    Counterclaimant OfficeMax North America, Inc. hereby alleges as follows:

3

**PARTIES**

4    1    Counterclaimant OfficeMax North America, Inc., ("OfficeMax") is a corporation

5    organized under the laws of the State of Ohio with its principal place of business in Naperville,

6    Illinois

7    2    Counterdefendant International Settlement Holding Corporation, upon information and

8    belief including its own allegations in the Complaint, is a corporation organized under the laws of the

9    State of California and doing business in the County of San Mateo, California.

10    3.    Counterdefendant Gary Gavello, upon information and belief including its own

11    allegations in the Complaint, is an individual and a resident of the County of San Mateo, State of

12    California

13    4    Counterdefendants International Settlement Holding Corporation and Gary Gavello

14    are hereinafter jointly referred to as Counterdefendants.

15

**GENERAL ALLEGATIONS**

16    5.    On or about December 20, 2006, OfficeMax and Counterdefendants entered into a

17    written lease ("Lease") of real property located at 785 Serramonte Boulevard in Colma, California

18    ("Property")

19    6.    During the period after the Lease was executed through February 5, 2008, OfficeMax

20    expended in excess of $966,000.00 on the Property, including the installation of fixtures, exterior

21    signage, interior signage, information technology equipment, and other construction and

22    miscellaneous expenses in and effort to bring the Property to a condition that would allow OfficeMax

23    to conduct business at the Property

24    7.    On January 4, 2008, OfficeMax, delivered a letter signed by Christopher Lentz,

25    OfficeMax's Associate General Counsel, to Counterdefendants describing substantial work that

26    Counterdefendants were required to perform on the Property, at Counterdefendants' sole cost and

27

- 7 -

28

06187 0129 1267292 3

1    expense, pursuant to the Lease. A true and correct copy of that letter is attached to this Counterclaim

2    as Exhibit A ("January 4, 2008 Letter"), which is incorporated herein by this reference.

3          8.      On January 17, 2008, Counterdefendants sent an email to OfficeMax responding to the

4    January 4, 2008 Letter in which Counterdefendants advised OfficeMax that it continued to disagree

5    with OfficeMax's assertion that Counterdefendants were obligated to perform any of the work

6    described in the January 4, 2008 Letter.

7          9      On February 5, 2008, OfficeMax delivered a letter signed by Christopher Lentz, Office

8    Max's Associate General Counsel, to Counterdefendants stating that OfficeMax was terminating the

9    Lease based on numerous defaults under the Lease. A true and correct copy of the February 5, 2008

10   letter is attached to this Counterclaim as Exhibit B ("February 5, 2008 Letter"), which is incorporated

11   herein by this reference.

## XII.    FIRST CLAIM FOR RELIEF
### (Breach of Lease)

12

13         10      OfficeMax hereby incorporates by reference paragraphs 1 through 9 set forth above

14   and realleges those paragraphs as though fully set forth herein.

15         11      Counterdefendants refusal to perform the work described in the January 4, 2008 Letter

16   constituted a material default and breach of the Lease justifying OfficeMax's termination of the Lease

17   in accordance with the February 5, 2008 Letter.

18         12      As a direct and proximate result of the material default and breach of the Lease by

19   Counterdefendants, OfficeMax expended more than $966,000.00 on improvements to the Property

20   that are of no value to OfficeMax causing OfficeMax to suffer damages of at least $966,000.00

21

## XIII.   SECOND CLAIM FOR RELIEF
### (Declaratory Relief)

22

23         13      OfficeMax hereby incorporates by reference paragraphs 1 through 12 set forth above

24   and realleges those paragraphs as though fully set forth herein.

25         14.     An actual controversy has arisen and now exists between OfficeMax and

26   Counterdefendants concerning their respective rights and interests in the Lease.

27                                           - 8 -

28

06187 0129 1267292 3

15    OfficeMax contends that Counterdefendants materially breached the Lease by refusing to perform the work that the Counterdefendants were obligated to complete at the Property as more particularly described in the January 4, 2008 Letter and the February 5, 2008 Letter

16.    As a result of the material breach of the Lease described above, OfficeMax was entitled to terminate the Lease as set forth in the February 5, 2008 Letter.

17.    A judicial determination is necessary at this time to determine the parties' rights and interests in the Lease.

### XIV.   REQUEST FOR ATTORNEY FEES

OfficeMax hereby requests that it be awarded its costs and attorney fees incurred in defending and prosecuting this action pursuant to Paragraph 40 of the Lease and applicable law, including but not limited to California Civil Code § 1717 and Rule 54(d) of the Federal Rules of Civil Procedure.

### XV.   PRAYER FOR RELIEF

WHEREFORE, OfficeMax prays for judgment as follows:

1    That OfficeMax be awarded money damages in an amount to be proven at trial, but not less $ 966,000.00;

2    That OfficeMax be awarded its reasonable attorneys' fees and costs necessarily incurred in defending and prosecuting this action;

3    For a declaration and determination that Counterdefendants breached the Lease and that OfficeMax was justified in terminating the Lease;

4    For such other and further relief as the Court deems just and proper

ANSWER TO COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF CONTRACT AND COUNTERCLAIM

06187 0129 1267292 3

1

## JURY DEMAND

2   OfficeMax hereby demands a trial by jury of the issues in the Complaint filed by Plaintiffs

3   and the issues in the Counterclaim of OfficeMax pursuant to Federal Rule of Civil Procedure 38

4         DATED THIS 5th day of September, 2008

5                   HAWLEY TROXELL ENNIS & HAWLEY LLP

6

7                   By: _____

8                       John F. Kurtz, Jr
                    Attorneys for Defendants OFFICEMAX

9                       NORTH AMERICA, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

- 10 -

28

ANSWER TO COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF CONTRACT AND
COUNTERCLAIM

06187 0129 1267292 3

1

<u>CERTIFICATE OF SERVICE</u>

2

3

4

I HEREBY CERTIFY that on this 5 day of September, 2008, I electronically filed the foregoing ANSWER TO COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF CONTRACT AND COUNTERCLAIM with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

5

6

7

8

9

Theodore A. Griffinger
Catherine A. Jackson
Stein & Lubin LLP
Transamerica Pyramid
600 Montgomery Street, 14th Floor
San Francisco, CA 94111
Telephone:    415 981 0550 / Fax:  415 981 4343
tgriffinger@steinlubin.com
cjackson@steinlubin.com

10

11

12

John F. Kurtz, Jr.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

- 11 -

28

ANSWER TO COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF CONTRACT AND
COUNTERCLAIM

# OfficeMax®

CHRISTOPHER LENTZ
Associate General Counsel
T 630.864.5054   F 630.864.4527
ChrisLentz@OfficeMax.com

January 4, 2008

*By DHL Overnight Delivery and E-Mail to gary@gavello.com*
Attention: Gary Gavello
Gary Gavello and International Holding Settlement Corporation
72 Barry Lane
Atherton, CA 94027

RE:    Site 1413, 785 Serramonte Blvd , Colma, CA (the "Demised Premises")
       Lease dated December 20, 2006 (the "Lease")
       OfficeMax North America, Inc. ("OfficeMax")
       Gary Gavello and International Holding Settlement Corporation (the "Landlord")
       (Our File No.: 225054-0171)

Dear Mr. Gavello:

As we await final approval of our permit applications, we wish to share certain information that we now
have regarding work that the Landlord will be required to complete at the Demised Premises. The
following items and issues were noted by a structural engineer and also by the Building and Fire
Inspector for the Town of Colma. Although the final permit approvals might contain additional issues
that Landlord will be required to correct, we thought it would be best to inform you of the known issues
as soon as possible.

1.   Nine (9) glue laminated structural beams are twisted or cracked and need to be retrofitted or
     otherwise corrected.

2.   Framing is bowed, most severely at two (2) locations of roof top units, and must be corrected.
     Framing must be supplemented with rigid insulation to correct ponding, which now occurs on
     the roof as a result of additional sagging joists.

3.   ADA compliance issues exist at driveways and main entry. Alterations are needed to the
     sidewalk on both sides of the main door. A platform with stairs, rail and two ramps must be
     installed for ADA-compliant parking. The island also needs to be changed to accommodate
     fire engines.

4.   At the northwest corner of Building, a major glue laminated header has significant dry rot at the
     connection, noted in the supporting end of the glue laminated beam, as well as the wood studs
     and post in the vicinity. This defect must be corrected by adding a new footing, post and post
     cap approximately 18" from the existing post.

5.   The tree in the rear of the parking lot may need replacement with three replacement trees, per
     the terms of the Town of Colma's tree replacement program.

{Lentz Lentz\225054:0171:00331645:}

**EXHIBIT**

A

January 4, 2008
Page 2

6.     Regrading of land may be required.

7.     Installation of a proper footing, new storefront and glass is required to correct sloping and elevation changes that resulted from the lack of a footing under the current storefront structure. The sidewalk must be removed to complete work and then be replaced.

We have reviewed the Lease and determined that it requires Landlord to complete all of the foregoing items at Landlord's sole cost and expense.

Additionally, as I previously informed you by letter dated July 11, 2007, and as our outside counsel Katherine Sarlson reminded you in letters dated July 27, 2007, and September 19, 2007, the Town of Colma Design Guidelines will require certain improvements and changes to the building exterior façade and landscaping. As you have been notified, the Lease also requires the Landlord to comply with these Design Guidelines requirements at Landlord's cost and expense.

We believe it is in the best interest of both Landlord and Tenant to meet or teleconference to discuss all of these matters and Landlord's timeline for completion of the work. It might be beneficial to have your attorney present at such a meeting or teleconference, as we will likely discuss specific Lease provisions. Please contact me at your earliest convenience so that we can arrange for this, as I believe it in the best interest of both Landlord and Tenant that these discussions take place as soon as possible.

Sincerely,

Christopher Lentz

cc:     John Dito (by fax to 415-362-8039)
        Alan Rauen (by E-Mail)
        Jennifer Riboli (by E-Mail)
        Matthew Vickery (by E-Mail)
        Lynn Robbins (by E-Mail)
        Joe Hess (by E-Mail)



CHRISTOPHER LENTZ
Associate General Counsel
263 Shuman Blvd
Naperville, IL 60563
T 630 864 5054   F 630 864 4527
ChrisLentz@OfficeMax.com


February 5, 2008


*By DHL Overnight Delivery*
Attention: Gary Gavello
Gary Gavello and International Holding Settlement Corporation
72 Barry Lane
Atherton, CA 94027


RE:     Site 1413, 785 Serramonte Blvd., Colma, CA (the "Demised Premises")
        Lease dated December 20, 2006 (the "Lease")
        OfficeMax North America, Inc. ("OfficeMax")
        Gary Gavello and International Holding Settlement Corporation (the "Landlord")
        (Our File No.: 225054-0171)


Dear Mr. Gavello:

This letter shall constitute notice of Landlord's numerous defaults under various provisions of Articles 14 and 25 of the Lease. Please also be advised that OfficeMax hereby terminates the Lease in accordance with its rights under Article 25, as further detailed in this letter.

1.      Failure to perform certain repair and maintenance to the structural, roof and foundation elements of the Demised Premises.

By letter dated January 4, 2008 ("January 4 Notice"), Tenant notified Landlord of various repair and maintenance issues at the Demised Premises that Landlord is required to correct--Specifically, items numbered 1, 2, 4 and 7 in that January 4 Notice, which include the following items: structural beams, framing, roof ponding, sagging joists, headers, studs, footings, posts and the structural storefront. Landlord's email dated January 17 in response merely cited Article 6 of the Lease, which provides for "as is" condition upon delivery. This response completely ignored Article 14 of the Lease, entitled "Repairs and Maintenance," which requires, in part, that throughout the term "Landlord, at its sole cost and expense, shall maintain in good condition and make all repairs and replacements ... To the roof, floor slab, foundation and the structural portions of the Demised Premises" and shall make all repairs and replacements required "because of the settling of the Demised Premises" and "for reasons unrelated to Tenant's use of the Demised Premises in order to comply with any law, order, ordinance, rule, regulation or requirement applicable to the Demised Premises". Additionally, under Article 25 of the Lease, Landlord, to the best of its knowledge, warrants, represents, covenants and agrees that "The Property now complies, and throughout the term of this lease, Landlord, except to the extent the obligations are those of Tenant as herein provided, shall cause the Property to comply, with all

{Itasca Legal <Off-line>\225054:0171:CSL0014:}


EXHIBIT
B

February 4, 2008
Page 2

applicable laws, rules, regulations, ordinances, and orders of all applicable governmental authorities, including without limitation all building codes...." As the structural, roof and foundation issues outlined do violate the local building code, Landlord's failure to commence the repairs and maintenance items since receiving our January 4 Notice constitutes not only a default of the Lease under Article 14, but also a breach of Article 25.

2.    Failure to perform certain landscape and land grade work.

In our January 4 Notice (Item 5) we informed Landlord that the Town of Colma tree replacement program may require replacement of the one (1) existing tree with three (3) new trees. The existing tree was not maintained by Landlord for a long period of time, and therefore, Tenant's attempts to trim the tree and maintain its as-is condition, as required by the Lease, did not satisfy the Town of Colma. We also notified Landlord in our January 4 Notice (Item 6) that certain grading work might be required by the Town of Colma. The tree plantings and grading are the Landlord's responsibility under Article 14, which provides that "Landlord, at its sole cost and expense, shall maintain in good condition and make all repairs and replacements ... Required for reasons unrelated to Tenant's use of the Demised Premises in order to comply with any law, order, ordinance, rule, regulation or requirement applicable to the Demised Premises...." Clearly, neither of the foregoing work items is required as a result of Tenant's specific use of the Demised Premises. Although Article 14 does require Tenant to maintain "all landscaped areas in their current as-is condition," this "as-is" language does not require Tenant to improve the landscaped areas with additional vegetation that did not exist at the start of the Lease term, as the Town of Colma now indicates that it will require. Rather, the Lease only requires Tenant to maintain what did exist at Lease commencement. As previously stated, in Article 25 of the Lease, Landlord also warrants and agrees that the property complies, and throughout the term of this lease, shall cause the Property to comply, with all applicable laws, rules, regulations, ordinances, and orders, including building codes. Failure to address each of the above-noted items since receiving our January 4 Notice constitutes both a default of the Lease under Article 14, and also a breach of Article 25.

3.    Failure to perform certain ADA compliance work, as required by the Lease.

We notified Landlord in our January 4 Notice (Item 3) that Landlord would need to complete certain work to cause the Demised Premises to be ADA compliant. Again, as stated above, Article 14 of the Lease requires that throughout the term "Landlord, at its sole cost and expense, shall maintain in good condition and make all repairs and replacements ... Required for reasons unrelated to Tenant's use of the Demised Premises in order to comply with any law, order, ordinance, rule, regulation or requirement applicable to the Demised Premises...." Furthermore, again pursuant to Article 25 of the Lease, Landlord warrants and agrees that the property complies, and throughout the term of this lease, shall cause the Property to comply, with all applicable laws, rules, regulations, ordinances, and orders, including building codes. Landlord's failure to commence the ADA compliance work since receiving our January 4 Notice constitutes both a default of the Lease's maintenance and repair requirements under Article 14, and also a breach of the warranties and representations of Article 25.

4.    Failure to ascertain and complete improvements required under Town of Colma Design Guidelines.

As Tenant previously informed Landlord by letters dated July 11, 2007, July 27, 2007, September 19, 2007, and by our January 4 Notice, the Town of Colma Design Guidelines require certain improvements and changes to the building exterior façade and landscaping. These improvements and changes are not required as a result of Tenant's use of the Demised Premises. Rather, they are required

February 4, 2008
Page 3

as a result of the building's vacancy for a one-year period of time (which vacancy pre-dates the execution of our Lease) and therefore, the Town of Colma would have required the Design Guideline improvements without regard to the specific tenant next occupying the Demised Premises. Again, Article 14 of the Lease requires that throughout the term "Landlord, at its sole cost and expense, shall maintain in good condition and make all repairs and replacements ... Required for reasons unrelated to Tenant's use of the Demised Premises in order to comply with any law, order, ordinance, rule, regulation or requirement applicable to the Demised Premises ..." Pursuant to Article 25 of the Lease, Landlord also warrants and agrees that the property complies, and throughout the term of this lease, shall cause the Property to comply, with all applicable laws, rules, regulations, ordinances, and orders, including building codes. Landlord's failure to ascertain and commence the Town of Colma Design Guidelines improvements since receiving our letter dated July 11, 2007, constitutes both a default of the Lease's maintenance and repair requirements under Article 14, and also a breach of the warranties and representations of Article 25.

Our January 4 Notice requested a teleconference to discuss these issues. I also followed up by email January 8 and by phone and provided a copy of our structural engineer's report by email on January 11. Despite these efforts, and the numerous other communications referenced herein, Landlord has not addressed any of the issues presented herein, but instead has only denied any responsibility by refusing to acknowledge the applicable provisions of our Lease. We are very disappointed that Landlord has refused to cooperate in these matters or honor its obligations under the Lease.

Each of the above-referenced events of default and breach, as previously discussed, are subject to Article 14, which requires that "Landlord shall promptly commence and diligently complete all such repairs upon notice thereof from Tenant." Each failure of Landlord to do so constitutes a separate event of default. Please note the remedy in Article 14, which provides that, "[i]n the event the Building or improvements constituting the Demised Premises or a portion thereof shall be rendered unusable due to Landlord's performance of (or failure to perform) required repairs, there shall be a just and equitable abatement of annual minimum rent and all other charges payable under this lease until the Demised Premises (or portion thereof) shall be useable."

Additionally, each of the above-referenced breaches of the Lease, as previously discussed, is subject to Article 25, which provides that "[i]f Landlord shall breach any warranty, representation, covenant or agreement set forth [in Article 25] and Landlord does not commence to cure such breach within a period of thirty (30) days after notice thereof from Tenant to Landlord (or, if such breach is a type that would reasonably take more than sixty (60) days to cure, if Landlord has not commenced to cure such breach within said sixty (60) days and diligently pursued the same to completion), *Tenant shall have the right, in addition to all other remedies, to terminate this lease* at any time within ninety (90) days after the occurrence of such failure or breach by giving landlord notice thereof prior to the full compliance by Landlord with such requirements, warranties, representations, covenants and agreements; provided, however, that *so long as Tenant shall not terminate this lease but such warranty, representation, covenant or agreement shall remain uncured, Tenant shall have the right to pay one percent (1%) of gross sales from the Demised Premises as rent* during such period."

February 4, 2008
Page 4

Pursuant to the foregoing rights, and as a result of Landlord's failure to address the issues set forth in Paragraph 4 above, Tenant has paid no rent under the Lease, as Landlord is already aware. Furthermore, pursuant to the termination right set forth in Article 25, Tenant now hereby terminates the Lease for Landlord's failure to correct the breaches set forth in Paragraphs 1, 2 and 3 above, and the Lease is now null and void and of no further force or effect.

Sincerely,

Christopher Lentz

cc:     Alan Rauen (by E-Mail)
        Jennifer Riboli (by E-Mail)
        Matthew Vickery (by E-Mail)
        Lynn Robbins (by E-Mail)
        Joe Hess (by E-Mail)